Philip R. Hoffman (PH-1607)
PRYOR CASHMAN LLP
Attorneys for Plaintiff
410 Park Avenue
New York, New York 10022
(212) 421-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| PHAT FASHIONS LLC, | : | 07 Civ. 03278 (PAC) |
| Plaintiff, | : | **REPLY TO COUNTERCLAIMS** |
| - against - | : | |
| TORNADO IMPORTS (CANADA), INC., | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

      Plaintiff Phat Fashions LLC ("Phat Fashions"), by its attorneys, Pryor Cashman LLP, as and for its Reply to the Amended Counterclaims of defendant Tornado Imports (Canada), Inc. ("Tornado"), alleges and states as follows:

      1.    Denies each and every allegation contained in ¶30 of the Counterclaims except admits that Tornado purports to assert such counterclaims against Phat Fashions and states that its right to amend or add counterclaims or to join additional parties is expressly governed by the Federal Rules of Civil Procedure.

      2.    Denies each and every allegation contained in ¶31 of the Counterclaims except: (a) admits that on or about August 1, 1998, Phat Fashions and Tornado entered into a Trademark License Agreement, which was subsequently amended and extended through December 31, 2007 (the "Agreement"); and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegation that Vis-à-Vis is a closely affiliated sister company of Tornado.

3. Denies each and every allegation contained in ¶32 of the Counterclaims except: (a) admits that on March 20, 2006, Eli B. Nathanson ("Nathanson") of Pryor Cashman LLP, counsel to Phat Fashions, sent a draft amendment to the Agreement with a cover e-mail to Tornado's Issie Wiseman ("Wiseman") (Complaint, Exhibit D) which stated, in relevant part: "I am attaching for your review a draft Amendment No. 1 to the License Agreement among the above referenced parties. I am simultaneously transmitting the attached to our client and must therefore reserve the right to modify same as directed"; (b) admits that, notwithstanding the clear language in Nathanson's e-mail that Phat Fashions specifically reserved the right to modify the language of the draft amendment, Wiseman signed the draft amendment and, on March 30, 2006, Barry Segal ("Segal"), V.P. Finance of Tornado, sent it to Nathanson; and (c) denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[a]t all times, Tornado management understood the Extension to apply to to all Phat Fashions products being sold by Tornado directly or being sold by Tornado through affiliates and related companies such as Vis-à-Vis."

4. Denies each and every allegation contained in ¶33 of the Counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any of the actions allegedly taken by Tornado and Vis-à-Vis in alleged reliance upon the alleged assurances and states that at no time prior to the service of its Counterclaims did Tornado or Vis-à-Vis ever allege that they took any actions in reliance upon any statements made to them by Phat Fashions.

5. Denies each and every allegation contained in ¶34 of the Counterclaims except admits that: (a) at some point Phat Fashions informed Tornado that it was not willing to amend the Agreement to provide for an extension beyond 2007; (b) Tornado objected; and (c) Phat

2

Fashions subsequently commenced this lawsuit.

6. Denies each and every allegation contained in ¶35 of the Counterclaims except admits that Tornado purports to assert counterclaims against Phat Fashions.

7. Denies each and every allegation contained in ¶36 of the Counterclaims except: (a) admits that (i) Phat Fashions is the parent company which licenses all Phat products, including Phat Farm and Baby Phat, Baby Phat is Phat Fashions' line for women's and children's products, and Phat Farm is Phat Fashions' line for men's and boy's products; and (b) states that Phat Fashions LLC is a limited liability corporation organized under the laws of the State of New York doing business at 512 Seventh Avenue, New York, New York 10018.

8. Denies each and every allegation contained in ¶37 of the Counterclaims except admits that Tornado is a Canadian corporation and that Tornado's relationship with Phat Fashions began on or around August 1, 1998 when the parties entered into the Agreement.

9. Denies each and every allegation contained in ¶38 of the Counterclaims except: (a) admits that beginning on or around August 1, 1998, Tornado and Phat Fashions entered into the Agreement and respectfully refer the Court to such Agreement for the terms and conditions thereof; and (b) states that to the extent that any sales were made by Vis-à-Vis of the Baby Phat line of products and/or any royalties were paid by Vis-à-Vis in connection therewith, such sales and royalty payments were not made pursuant to the Agreement.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶39 of the Counterclaims except denies that any Tornado store ever sold Phat Fashions products exclusively.

11. Denies each and every allegation contained in ¶40 of the Counterclaims except admits that Tornado, based solely upon its sale of the Phat Farm products it was licensed to sell

3

under the Agreement, exceeded the required Minimum Net Sales and Royalty Minimum as required by the Agreement.

12. Denies each and every allegation contained in ¶¶ 41 and 42 of the Counterclaims.

13. Denies each and every allegation contained in ¶43 of the Counterclaims except admits that on March 20, 2006, Nathanson sent a draft amendment to the Agreement with a cover e-mail to Wiseman (Complaint, Exhibit D) which stated, in relevant part: "I am attaching for your review a draft Amendment No. 1 to the License Agreement among the above referenced parties. I am simultaneously transmitting the attached to our client and must therefore reserve the right to modify same as directed."

14. Denies each and every allegation contained in ¶44 of the Counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what Tornado allegedly believed.

15. States that ¶45 of the Counterclaims sets forth legal conclusions to which no response is required.

16. Denies each and every allegation contained in ¶46 of the Counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Vis-à-Vis was managed and controlled by Wiseman and others, or that they comprised the same management team that managed and controlled Tornado.

17. Denies each and every allegation contained in ¶47 of the Counterclaims and: (a) respectfully refers to the Court to Schedule C of the Agreement for the terms and conditions thereof; and (b) states that to the extent that any sales were made by Tornado or Vis-à-Vis of the Baby Phat or any other line of Phat Fashion products that were not covered by the Agreement and/or any royalties were paid by Tornado or Vis-à-Vis in connection therewith, such sales and

royalty payments were not made pursuant to the Agreement.

18.    Denies each and every allegation contained in ¶¶ 48, 49, 50, 51, 52 and 53 of the Counterclaims and states that to the extent that any sales were made by Tornado or Vis-à-Vis of the Baby Phat line or any other line of Phat Fashion products that were not covered by the Agreement and/or any royalties were paid by such parties in connection therewith, such sales and royalty payments were not made pursuant to the Agreement.

19.    Denies each and every allegation contained in ¶54 of the Counterclaims except admits that conversations may have taken place during the second half of 2005 between Wiseman and Bernt Ullman ("Ullman") relating to "the extension of the Agreement."

20.    Denies each and every allegation contained in ¶55 of the Counterclaims except: (a) admits that conversations took place in February 2006 between Wiseman and Ullman regarding the possibility of amending the Agreement to provide for its extension beyond 2007 and that the parties did have casual conversations at the Magic Show; and (b) states that, on at least one occasion, Ullman told Wiseman that in the event that the parties agreed to amend the Agreement to extend it, the minimums would have to be substantially higher.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶56 of the Counterclaims.

22.    Denies each and every allegation contained in ¶57 of the Counterclaims except admits that: (a) Wiseman and Ullman had casual discussions at the Magic Show, including about the possibility of extending the Agreement; (b) Ullman told Wiseman that if they were to reach agreement on extending the Agreement, the minimum sale and royalty numbers would have to be higher and more in line with actual volume; and (c) Ullman told Wiseman to send him a written proposal.

23. With respect to the allegations contained in ¶58 of the Counterclaims, admits that on March 1, 2006, Wiseman sent an e-mail to Ullman which stated: "Please see attached proposal for the continuation of our distribution agreement" and that a proposal was attached. (Complaint, Exhibit C).

24. Denies each and every allegation contained in ¶59 of the Counterclaims except admits that Wiseman and Ullman may have discussed the proposal between March 1 and 20, 2006 and that Ullman may have informed Wiseman that he would instruct his lawyers to draft a proposed amendment to the Agreement for the parties to review.

25. Denies each and every allegation contained in ¶60 of the Counterclaims except admits that on March 20, 2006, Nathanson sent a draft amendment to the Agreement with a cover e-mail to Wiseman (Complaint, Exhibit D) which stated, in relevant part: "I am attaching for your review a draft Amendment No. 1 to the License Agreement among the above referenced parties. I am simultaneously transmitting the attached to our client and must therefore reserve the right to modify same as directed."

26. Denies each and every allegation contained in ¶61 of the Counterclaims.

27. Denies each and every allegation contained in ¶¶ 62 and 63 of the Counterclaims and states that, notwithstanding the clear language in Nathanson's e-mail that Phat Fashions specifically reserved the right to modify the language of the draft amendment, Tornado signed the draft amendment and, on March 30, 2006, Segal sent a letter to Nathanson in which he noted that he was enclosing "two signed originals of the amendment to the Phat Farm license agreement."

28. Denies each and every allegation contained in ¶¶ 64, 65, 66, 67, 68, 69 and 70 of the Counterclaims.

29. Denies each and every allegation contained in ¶71 of the Counterclaims except admits that there did come a time when Ullman informed Wiseman that Phat Fashions was not willing to amend the Agreement to provide for an extension beyond 2007.

30. Denies each and every allegation contained in ¶72 of the Counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to when Tornado first learned that Phat Fashions was not willing to amend the Agreement to provide for an extension beyond 2007.

31. Denies each and every allegation contained in ¶73 of the Counterclaims and states that at no time prior to the service of its Counterclaims did Tornado ever allege that it took any actions in reliance upon any statements made to it by Phat Fashions.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶74 of the Counterclaims as to any of the actions allegedly taken by Wiseman in alleged reliance upon the alleged assurances and states that at no time prior to the service of its Counterclaims did Wiseman or Tornado ever allege that they took any actions in reliance upon any statements made to it by Phat Fashions.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶75 of the Counterclaims as to any of the actions allegedly taken by Tornado, Vis-à-Vis, Wiseman or the management of Tornado or Vis-à-Vis in alleged reliance upon the alleged assurances and states that at no time prior to the service of its Counterclaims did Tornado, Vis-à-Vis, Wiseman or the management of Tornado or Vis-à-Vis ever allege that they took any actions in reliance upon any statements made to them by Phat Fashions.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶76 of the Counterclaims as to any of the actions allegedly taken by

7

Tornado or Vis-à-Vis in alleged reliance upon the alleged assurances and states that at no time prior to the service of its Counterclaims did Tornado or Vis-à-Vis ever allege that they took any actions in reliance upon any statements made to them by Phat Fashions.

35. With respect to the allegations contained in ¶77 of the Counterclaims: (a) denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any of the actions allegedly taken by Tornado in alleged reliance upon the alleged assurances; (b) states that at no time prior to the service of its Counterclaims did Tornado ever allege that it took any actions in reliance upon any statements made to it by Phat Fashions; and (c) admits that a conversation took place between Wiseman and Ullman with respect to sales made by a European Phat Farm shoe licensee in Canada.

36. Denies each and every allegation contained in ¶78 of the Counterclaims.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 79, 80, 81, 82, 83 and 84 of the Counterclaims.

38. As and for its response to ¶85 of the Counterclaims, repeats and realleges its responses to ¶¶ 30-84 thereof as if such responses were fully set forth herein.

39. Denies each and every allegation contained in ¶¶ 86 and 87 of the Counterclaims.

40. As and for its response to ¶88 of the Counterclaims, repeats and realleges its responses to ¶¶ 30-87 thereof as if such responses were fully set forth herein.

41. Denies each and every allegation contained in ¶¶ 89 and 90 of the Counterclaims.

42. Denies each and every allegation contained in ¶91 of the Counterclaims except admits that there was a time when Ullman informed Wiseman that Phat Fashions was not willing to amend the Agreement to provide for an extension beyond 2007.

43. Denies each and every allegation contained in ¶92 of the Counterclaims and states that on March 21, 2007, Tornado's counsel, Brad D. Rose ("Rose") of Pryor Cashman LLP, sent a letter to Wiseman (Complaint, Exhibit G), and respectfully refers the Court to such letter for the content thereof.

44. Denies each and every allegation contained in ¶93 of the Counterclaims and states that on April 18, 2007, Richard A. Hinse of Lavery, DeBilly, counsel for Tornado, sent a letter to Rose and respectfully refers the Court to such letter (Complaint, Exhibit H) for the content thereof.

45. Denies each and every allegation contained in ¶94 of the Counterclaims.

46. Denies each and every allegation contained in ¶95 of the Counterclaims except admits that Tornado, prior to this litigation, has expressed a willingness to extend the Agreement beyond 2007, and continues to sell Phat Fashions' products.

47. Denies each and every allegation contained in ¶¶ 96 and 97 of the Counterclaims.

48. As and for its response to ¶98 of the Counterclaims, repeats and realleges its responses to ¶¶ 30-98 thereof as if such responses were fully set forth herein.

49. Denies each and every allegation contained in ¶¶ 99, 100 and 101 of the Counterclaims.

50. As and for its response to ¶102 of the Counterclaims, repeats and realleges its responses to ¶¶ 30-101 thereof as if such responses were fully set forth herein.

51. Denies each and every allegation contained in ¶¶ 103, 104 and 105 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

52. The Counterclaims fail to state any claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

53. The Counterclaims are barred by the applicable statutes of frauds.

### THIRD AFFIRMATIVE DEFENSE

54. The Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

55. The Counterclaims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

56. The Counterclaims have been filed in bad faith and in violation of Rule 11 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Phat Fashions demands judgment as follows against Tornado:

1. Dismissing the Counterclaims in their entirety and with prejudice;

2. Awarding Phat Fashions the relief requested in its Complaint; and

3. Awarding Phat Fashions such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 12, 2007

                                        PRYOR CASHMAN LLP

                                        By: _____
                                            Philip R. Hoffman
                                            Attorneys for Plaintiff
                                            410 Park Avenue
                                            New York, New York  10022
                                            (212) 421-4100

To:  Adam H. Offenhartz
     GIBSON, DUNN & CRUTCHER LLP
     Attorneys for Defendant
     200 Park Avenue
     New York, New York 10166
     (212) 351-4000

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2007, I served the within Reply to Counterclaims upon the attorneys for defendant by electronically filing a copy with the Court and by causing a copy to be e-mail to its attorney, Adam H. Offenhartz, of Gibson, Dunn & Crutcher LLP, at AOffenhartz@gibsondunn.com.

Dated: New York, New York
       September 12, 2007

_____
PHILIP R. HOFFMAN