UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PHAT FASHIONS, LLC,

                Plaintiff,

-against-

TORNADO IMPORTS (CANADA), INC.,

                Defendant.
-------------------------------------------------------x

Case No.: 1:07 CV 03278 (PAC)

**NOTICE OF MOTION FOR PRELIMINARY INJUNCTION**

PLEASE TAKE NOTICE THAT, upon the accompanying Declarations of James A Beha II, Issie Wiseman and Barry Segal, and Defendant's Memorandum, Defendant Tornado Imports (Canada) Inc. will move this Court, in Room 20-C of the United States Courthouse located at 500 Pearl Street, New York, New York, at 10 a.m. on December 13, 2007, pursuant to Fed.R.Civ P. 65(a), for the preliminary injunctive relief set forth in Exhibit A attached hereto. TAKE FURTHER NOTICE that defendant will respectfully urge the Court, pursuant to Fed.R.Civ P. 65(a)(2), to consolidate the hearing of this motion with trial on the merits (other than as to damages ) and to order the injunctive relief sought as a permanent injunction.

Dated: New York, New York
       November 30, 2007

                              ALLEGAERT BERGER & VOGEL LLP

                              By: _____
                                  James A. Beha II (JB-9591)

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

Attorneys for Defendant

Of Counsel

Adam H. Offenhartz (AO-0952)
Gibson, Dunn & Crutcher
200 Park Avenue
New York, New York 10166
(212) 351-4000

**Exhibit A**

INJUNCTIVE RELIEF SOUGHT
(PENDING FURTHER ORDER OF THE COURT)

1. Plaintiff is ordered to continue to do business with defendant, its employees and affiliates in the same manner as had been the case during 2006, as if defendant's licenses pursuant to the 1998 License Agreement ("License"), as orally modified with respect to lines excluded by Schedule C but in fact then sold by defendant or its affiliate Vis-a-Vis Fashions (1997) ("VIS"), all without regard to the December 31, 2007, expiration date set in such License.

2. Except as may be consented to or arranged by defendant plaintiff is enjoined from permitting any company other than defendant and VIS from selling at wholesale, booking orders for, or otherwise marketing in Canada (i) products bearing a Phat Farm label or using Phat Farm marks or trademarks or (ii) products bearing a Baby Phat label or using Baby Phat marks or trademarks (but as to these excluding from such injunction lines of ladies sportswear distributed by BP Clothing LLC); this injunction does not apply to lines of merchandise excluded by Schedule C to the License that also were not being distributed by defendant or VIS during 2006.

3. Defendant shall permit, and in no manner interfere with or discourage, any other licensee of plaintiff or any company manufacturing goods that bear Phat labels or marks from doing business with defendant or VIS.

4. Plaintiff shall promptly deliver a full set of samples for current merchandise covered by paragraphs 1 and 2 above to defendant along with a full set of current promotional materials and plaintiff shall promptly arrange the return to plaintiff of such samples from any company attempting to market in Canada merchandise covered by paragraphs 1 and 2.

5. Plaintiff shall send such reasonable notice of the foregoing arrangements to its licensees and its or their suppliers as defendant may require.

6. Plaintiff shall promptly arrange for senior executives of plaintiff, defendant and any company purporting to distribute in Canada Phat label merchandise that is covered by paragraphs 1 and 2 hereof to meet and attempt to reach agreement on how to handle orders placed with such other company for 2008 delivery. Plaintiff and defendant shall report to the Court on such discussions, and, if agreement has not been reached, the Court will hear the parties on the need for further injunctive relief.

Defendant also asks the Court to order such other and further relief as appears upon hearing or trial necessary to protect defendant from irreparable injury.