UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PHAT FASHIONS, LLC,                         :
                                            :
                    Plaintiff,              :        Case No.: 1:07 CV 03278 (PAC)
                                            :
        -against-                           :
                                            :
TORNADO IMPORTS (CANADA), INC.,             :        **DECLARATION OF**
                                            :        **JAMES A. BEHA II**
                    Defendant.              :
---------------------------------------------------------x

        James A. Beha II, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

        1.     I am a partner at Allegaert Berger & Vogel LLP, which is counsel to defendant in this case. I submit this Declaration to pull together some documents and depositions excerpts in connection with defendant's motion for injunctive relief. I also will set out some factual statements to which plaintiff's counsel (Mr. Hoffman) and I have stipulated.

        2.     Attached at Exhibit 1 are selected pages from the deposition in this case of Bernt Ullman, President of Plaintiff.

        3.     Attached at Exhibit 2 are some news articles about Russell Simmons and the "Phat" brands.

        4.     Attached at Exhibits 3-10 are selected documents produced in discovery by plaintiff. Let me add a note about two exhibits. Exhibit 5 is a copy of one of the original Amendment documents signed by Russell Simmons that were produced by plaintiff. Mr. Simmons signed two originals, and Exhibit 6 contains the two signature pages. The tags, which can't be read on the copies, say "please initial."

5. Attached at Exhibit 11 is the first page of a license agreement between plaintiff and 4404106 Canada Inc., which I have been informed is a subsidiary of Algo Corporation. Also at Exhibit 11 is a September 28, 2007 letter reflecting the closing of that transaction. The license agreement is designated "Attorneys Eyes Only" under a Protective Order recently entered in this case. Accordingly, the balance of the document is not submitted herewith but it will be available at the time of any hearing or trial.

6. Counsel for plaintiff (Mr. Hoffman) has told me that he will stipulate to the following facts:

(a) the signature of Russell Simmons on Exs. 5 and 6 is genuine and Mr. Simmons signed the document on or before April 12, 2007 (see Ex. 7 in which Mr. Morris is conveying this signed document on April 12).

(b) the License Agreement at Exhibit 11 is dated "as of" May 23, 2007, but the transaction did not close until late September 2007, as evidenced by Exhibit 12.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 29, 2007

_____
James A. Beha II