

March 30, 2006

Eli B. Nathanson
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue, 10th Floor
New York, NY 10022.

Dear Mr. Nathanson,

It was a pleasure speaking with you yesterday. As discussed, please find two signed originals of the amendment to the Phat Farm license agreement.

If you should require further originals, please do not hesitate to call.

Best regards,


Barry Segal
V.P. Finance

## AMENDMENT NO. 1

## TO

## TRADEMARK LICENSE AGREEMENT

AMENDMENT NO. 1, effective as of March __, 2006 (this "Amendment") to Trademark License Agreement, between Phat Fashions LLC, a New York limited liability company with offices at 512 Seventh Avenue, 43rd Floor, New York, NY 10018 ("Licensor"), and Tornado Imports (Canada), Inc., a company organized under the laws of Canada, with offices at 5540 Rue Ferrier, Montreal, P.Q. Canada H4P 1M2 ("Licensee").

WHEREAS, Licensor and Licensee are parties to that certain Trademark License Agreement, dated as of August 1, 1998 (the "License Agreement"). Capitalized terms used and not defined herein shall have the respective meanings assigned to them in the License Agreement; and

WHEREAS, the parties desire to amend the License Agreement to provide for, among other things, additional Renewal Terms, as hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and mutual agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. The License Agreement is hereby amended by adding the following new Section 3(d):

"3(d) Provided Licensee shall have exercised the Second Option, and provided that Licensee shall not be in default with respect to any of its obligations hereunder and provided further that Licensee shall have both paid one hundred percent (100%) of the GMR and achieved Net Sales during each Annual Period of the Second Option Term of no less than seventy five percent (75%) percent of the Minimum Net Sales for such Annual Period, Licensee shall be given an option (the "Third Option") to extend the Term of this Agreement for three (3) additional years to commence January 1, 2008, and to end December 31, 2010 (the "Third Option Term"), which Third Option must be exercised in writing in the same manner as notices hereunder and received by Licensor no earlier than March 1, 2007, and no later than June 30, 2007, time being of the essence."

2. The License Agreement is hereby amended by adding the following new Section 3(e):

"3(e) Provided Licensee shall have exercised the Third Option, and provided that Licensee shall not be in default with respect to any of its obligations hereunder and provided further that Licensee shall have both paid one hundred percent (100%) of the GMR and achieved Net Sales during each Annual Period of the Third Option Term of no less than seventy five percent (75%) percent of the Minimum Net Sales, Licensee shall be given an option (the "Fourth Option") to extend the Term of this Agreement for three (3) additional years to commence January 1, 2011, and to end December 31, 2013 (the "Fourth Option Term"), which Fourth

463107

TOR 000902

Option must be exercised in writing in the same manner as notices hereunder and received by Licensor no earlier than March 1, 2010, and no later than June 30, 2010, time being of the essence."

3. Section 4(f) of the License Agreement is hereby amended by adding the following Minimum Net Sales and GMR figures for the Third Option Period and the Fourth Option Period, as follows:

| "Annual Periods During Term | | Minimum Net Sales | GMR |
|---|---|---|---|
| **Third Option Period** | | | |
| January 1, 2008 - December 31, 2008 | | $ 5,000,000 | $ 350,000 |
| January 1, 2009 - December 31, 2009 | | 6,430,000 | 450,000 |
| January 1, 2010 - December 31, 2010 | | 7,858,000 | 550,000 |
| **Fourth Option Period** | | | |
| January 1, 2011 - December 31, 2011 | | 8,580,000 | 600,000 |
| January 1, 2012 - December 31, 2012 | | 9,286,000 | 650,000 |
| January 1, 2013 - December 31, 2013 | | 10,000,000 | 700,000" |

4. The License Agreement is hereby amended by deleting Section 6(d) in its entirety and replacing it with the following:

"6(d) Licensee shall have the exclusive right to establish prices and terms for the sale of Licensed Products. Licensee shall provide Licensor, in advance of each selling season, with line sheets and price lists, and Licensee shall promptly notify Licensor of any change in pricing. Licensee agrees to sell to Licensor such quantities of Licensed Products, from time to time, as requested by Licensor for promotional purposes and for sale in stores and websites operated by Licensor or its Affiliates, licensees and/or subcontractors for prices equal to the lesser of thirty percent (30%) percent below Licensee's normal wholesale selling prices at the time of any such sale, or the lowest price charged by Licensee to any of its customers. Such sales shall constitute Net Sales for purposes of computing Minimum Net Sales but a reduced Royalty of five and one half percent (5.5%) of such sales price shall be payable to Licensor and no Advertising Payment shall be due thereon."

5. The License Agreement is hereby amended by deleting the Licensor notice information in Section 14 and replacing it with the following:

If to Licensor:

Phat Fashions LLC
512 Seventh Avenue, 43rd Floor
New York, NY 10018
Attention:    Mr. Bernt Ullmann

463107

TOR 000903

with a copy to:

> Pryor Cashman Sherman & Flynn LLP
> 410 Park Avenue, 10th Floor
> New York, New York 10022
> Attention:   Brad D. Rose, Esq.
>
> and
>
> Kellwood Company
> 600 Kellwood Parkway
> Chesterfield, MO 63017
> Attention:  Corporate Secretary/Legal Department"

6.   Except as modified by this Amendment, all terms and conditions of the License Agreement shall remain in full force and effect.

7.   This Amendment may be signed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile copies of counterpart signature pages shall be deemed original counterpart pages for all purposes hereunder

8.   This Amendment shall be governed by, and construed in accordance with, the law of the State of New York applicable to contracts made and to be performed in the State of New York, without regard to conflicts of law principles.

9.   In the event one or more of the provisions of this Amendment should, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Amendment, and this Amendment shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

[signature appears on next page]

463107

IN WITNESS WHEREOF, this Amendment has been executed and delivered by the parties hereto as of the date first above written.

PHAT FASHIONS, LLC

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

Tornado Imports (Canada), Inc.

By: _____
    Name: ISSIE WAXMAN
    Title: DIRECTOR

463107

TOR 000905



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

February 20, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **790867523151**.

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | 410 PARK AVE 10 FL |
| Signed for by: | M.FOFANAH | Delivery date: | Mar 31, 2006 09:52 |
| Service type: | International Priority Service | | |



### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 790867523151 | Ship date: | Mar 30, 2006 |

Recipient:
ELI B. NATHANSON
PRYOR CASHMAN SHERMAN & FLYNN
410 PARK AVENUE
10TH FLOOR
NEW YORK, NY 10022 US
Reference

Shipper:
EVELYN VANEGAS
TYFOON INTERNATIONAL
5540 FERRIER
MONTREAL, PQ H4P1M2 CA

FINANCIAL DOCUMENTS

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

TOR 000906